**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4082**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID STEPHEN ROLLISON,

Defendant - Appellant.

**No. 05-4083**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY GOVERNOR ALEXANDER,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-04-195)

Submitted: September 14, 2005      Decided: October 12, 2005

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Williams C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina; Walter Lamar Jones, CLIFFORD, CLENDENIN O'HALE & JONES, L.L.P., Greensboro, North Carolina, for Appellants. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Appellants David Rollison and Timothy Alexander appeal their sentences imposed after they pleaded guilty under a written plea agreement to various crimes related to their participation in an armed robbery of a North Carolina jewelry store. They assert on appeal that their sentences violated the Sixth Amendment under United States v. Booker, 125 S. Ct. 738 (2005), and that they should be resentenced because the Sentencing Guidelines were applied as mandatory. Finding no error in their sentencing, we affirm.

Both Appellants asserted at sentencing that their guidelines sentencing violated the Constitution under Blakely v. Washington, 542 U.S. 296 (2004), so we review this issue de novo. In Booker, the Supreme Court held that the "Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone." United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The Court remedied this constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. United States v. Booker, 125 S. Ct. 738, 756-57 (2005).

Contrary to the Appellants' arguments, the calculation of the Appellants' criminal histories under the Sentencing Guidelines

was not Sixth Amendment error because the calculations were based upon their prior convictions. The Supreme Court reaffirmed in Booker the prior conviction exception of Almendarez-Torres v. United States, 523 U.S. 224 (1998). See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). While Justice Thomas' concurrence in Shepard v. United States, 125 S. Ct. 1254, 1263-64 (2005), expressed doubt about the future viability of the exception, the exception is still good law. See United States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (holding that, under the Sixth Amendment, the fact of a prior conviction need not be submitted to the jury or admitted by the defendant for it to serve as the basis for a sentence enhancement).

Nor does the application of the prior conviction exception to these Appellants raise any of the problems outlined in Shepard. In Shepard, the Supreme Court instructed that Sixth Amendment protections apply to disputed facts about a prior conviction. Id. at 1262-63. The Appellants never disputed any facts related to their prior convictions, so the district court's determination of their criminal histories did not violate the Sixth Amendment. Cf. United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005) (finding that district court's reliance on disputed

facts about the defendant's prior conviction violated the defendant's Sixth Amendment right to trial by jury). This Court has held that the nature and occasion of prior offenses are facts inherent in the convictions that need not be alleged in the indictment or submitted to a jury. See United States v. Thompson, ___ F.3d ___, 2005 WL 2128957 (4th Cir. Sept. 6, 2005) (No. 04-4678). For these reasons, we find this issue is meritless.

As for the application of the Sentencing Guidelines as mandatory, neither Appellant asserted this exact issue at sentencing, so we review this issue for plain error. The Booker Court concluded that even in the absence of a Sixth Amendment violation, the imposition of a sentence under the mandatory guidelines regime was error. Booker, 125 S. Ct. at 769; see also United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005). Hughes explained that sentencing under a mandatory regime is "a separate class of error . . . distinct from the Sixth Amendment claim that gave rise to the decision in Booker." Hughes, 401 F.3d at 553. This Court recognized that "[t]his error . . . may be asserted even by defendants whose sentences do not violate the Sixth Amendment." Id. Such is the case here. The district court may have erred in sentencing these Appellants under the former mandatory guidelines regime, but the question is whether the error was plain and should be recognized by the Court.

To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993); Hughes, 401 F.3d at 547-48. If a defendant establishes these requirements, the Court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted).

In White, this Court determined imposing a sentence under the guidelines as mandatory was error that was plain. White, 405 F.3d at 216-17. However, the Court in White then discussed the third prong of the plain error analysis. In determining whether an error affected the defendant's substantial rights, the Court reasoned that "the error of sentencing a defendant under a mandatory guidelines regime" was not an error for which prejudice would be presumed. Id. at 219-20, 224. Rather, the defendant bears the burden of showing that this error prejudiced him, or "'affected the outcome of the district court proceedings.'" Id. at 223 (quoting Olano, 507 U.S. at 734). In making this determination, the Court must consider the standard in Kotteakos v. United States, 328 U.S. 750, 765 (1946): "whether 'after pondering all that happened without stripping the erroneous action from the

whole, . . . the judgment was . . . substantially swayed by the error.'" White, 405 F.3d at 223 (citations and footnotes omitted).

In White, this Court held that treating the guidelines as mandatory was error and that the error was plain. Id. at 216-17. The Court declined to presume prejudice, however, id. at 217-18, and held that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." Id. at 223 (internal quotation marks and citations omitted). To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224. Because the record in White provided no nonspeculative basis suggesting that the court would have sentenced the defendant differently had the guidelines been advisory instead of mandatory, this Court concluded that the error did not affect the defendant's substantial rights. Id. at 225.

The Appellants do not assert in any nonspeculative way how their sentences would have been different if the district court sentenced them under an advisory guidelines regime. Thus, it would only be speculation to conclude that the district court would have sentenced them to a lower sentence had it treated the guidelines as merely advisory.

For these reasons, we affirm the Appellants' sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>